THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAMON MILLER,<br><br>on behalf of himself and all others similarly situated,<br><br> Plaintiff,<br><br>v.<br><br>NEXTGEN HEALTHCARE, INC.,<br><br> Defendant. | Case No.: 1:23-cv-02043-TWT |
| CORY BENN,<br><br>on behalf of himself and all other similarly situated,<br><br> Plaintiff,<br><br>v.<br><br>NEXTGEN HEALTHCARE, INC.,<br><br> Defendant. | Case No.: 1:23-cv-02050-TWT |
| SCOTT PHILLIPS,<br><br>on behalf of his minor son; and BELLVINIA BRICKLE, individually and on behalf of all others similarly situated,<br><br> Plaintiff,<br><br>v.<br><br>NEXTGEN HEALTHCARE, INC.,<br><br> Defendant. | Case No.: 1:23-cv-02067-TWT |

| | |
|---|---|
| KHADIJAH Z. ARTIS, <br><br> on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> NEXTGEN HEALTHCARE, INC., <br><br> Defendant. | Case No.: 1:23-cv-02069-TWT |
| SRIKANTH ALTURI, <br><br> on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> NEXTGEN HEALTHCARE, INC., <br><br> Defendant. | Case No.: 1:23-cv-02093-TWT |
| MICHAEL BROWN, <br><br> on behalf of his minor children, A and J, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> NEXTGEN HEALTHCARE, INC., <br><br> Defendant. | Case No.: 1:23-cv-02130-TWT |
| NOAH BREEDLOVE, <br><br> on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. | Case No.: 1:23-cv-02131-TWT |

| | |
|---|---|
| NEXTGEN HEALTHCARE, INC.,<br><br> Defendant. | |
| JONETHAN JAMES,<br><br>individually and on behalf of all others similarly situated,<br><br> Plaintiff,<br><br>v.<br><br>NEXTGEN HEALTHCARE, INC.,<br><br> Defendant. | Case No.: 1:23-cv-02137-TWT |
| AMY DEROUIN,<br><br>individually and on behalf of all others similarly situated,<br><br> Plaintiff,<br><br>v.<br><br>NEXTGEN HEALTHCARE, INC.,<br><br> Defendant. | Case No.: 1:23-cv-02139-TWT |
| SHAWNA KERR,<br><br>on behalf of Minor Child J.K., on behalf of themselves and all others similarly situated,<br><br> Plaintiff,<br><br>v.<br><br>NEXTGEN HEALTHCARE, INC.,<br><br> Defendant. | Case No.: 1:23-cv-02148-TWT |
| ALUNE BADU,<br><br>individually and on behalf of all others similarly situated,<br><br> Plaintiff, | Case No.: 1:23-cv-02160-TWT |

v.

NEXTGEN HEALTHCARE, INC.,

Defendant.

**PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE CASES
AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Plaintiffs Damon Miller, on behalf of himself and all others similarly situated, and Scott Phillips, on behalf of his minor son, and Bellvinia Brickle ("Plaintiffs"), individually and on behalf of all others similarly situated, respectfully move for consolidation of the above-captioned cases (the "Related Actions") for both pre-trial and trial purposes pursuant to Federal Rule of Civil Procedure 42(a). Defendant NextGen Healthcare, Inc. ("NextGen" or "Defendant") does not oppose the motion, and plaintiffs in all the Related Cases consent to the requested relief. For the reasons set forth below, Plaintiffs' Unopposed Motion to Consolidate Cases should be granted, and an initial schedule entered to allow for the efficient prosecution of this litigation.

**I.      INTRODUCTION**

All Plaintiffs in the Related Actions seek to hold NextGen liable for its alleged disclosure of highly sensitive personal identifiable information ("PII") belonging to Plaintiffs and more than 1 million individuals in a recent data breach (the "Data Breach"). The Related Actions were filed against NextGen in the United States

District Court for the Northern District of Georgia. Each lawsuit arises from precisely the same Data Breach and asserts substantially identical (if not identical) claims on behalf of overlapping putative classes, thus making consolidation appropriate. NextGen disputes the Plaintiffs' contentions.

## II.   ALLEGATIONS AND PROCEDURAL BACKGROUND

### A.   The Parties

NextGen is a healthcare technology company that contracts with healthcare providers to deliver electronic health records software and practice management systems. Class Action Complaint ("*Miller* Compl."), ¶ 2, Doc. 1; ("*Phillips* Compl."), ¶ 2, Doc. 1.[1] Plaintiffs in all of the Related Actions allege that NextGen collected the PII of Plaintiffs and putative class members and stored it on an under-secured internet-accessible network. *See, e.g.*, *Miller* Compl. ¶ ¶ 9, 10; *Phillips* Compl., ¶ 19. Plaintiffs allege they received healthcare services from one of NextGen's clients prior to the Data Breach and received Defendant's Notice of Data

---

[1] All citations to the "*Miller Compl.*" refer to the Class Action Complaint filed in *Miller v. NextGen Healthcare, Inc.,* No. 1:23-cv-02043. Similarly, "*Phillips* Compl." refer to the Class Action Complaint filed in *Phillips v. NextGen Healthcare, Inc.*, No. 1:23-cv-02067 (N.D. Ga.).

Breach, dated April 28, 2023, on or about that date or shortly thereafter.

    **B.**    **Procedural History and Related Cases**

The Related Actions were filed in this Court in the weeks after NextGen reported the Data Breach. Each one focuses on the same factual predicate—the Data Breach—and asserts nearly identical claims for relief as set forth below:

- On May 5, 2023, Plaintiff Damon Miller filed a class action lawsuit against NextGen in this Court (Case No. 1:23-cv-02043-TWT). Plaintiff Miller asserts claims for: (i) negligence; (ii) negligence *per se*; (iii) invasion of privacy; and (iv) declaratory and injunctive relief.

- On May 8, 2023, Plaintiff Cory Benn filed a class action lawsuit against NextGen in this Court (Case No. 1:23-cv-02050-TWT). Plaintiff Benn asserts claims for: (i) negligence; (ii) breach of implied contract; (iii) unjust enrichment; (iv) breach of fiduciary duty; and (vi) violation of O.C.G.A §13-6-11.

- On May 8, 2023, Plaintiffs Scott Phillips, on behalf of his minor son, and Bellvinia Brickle filed a class action lawsuit against NextGen in this Court (Case No. 1:23-cv-02067-TWT). Plaintiffs Phillips and Brickle assert claims

for: (i) negligence; (ii) unjust enrichment; (iii) invasion of privacy; and (iv) breach of contracts of which plaintiffs are third party beneficiaries.

- On May 8, 2023, Plaintiff Khadijah Z. Artis filed a class action lawsuit against NextGen in this Court (Case No. 1:23-cv-02069-TWT). Plaintiff Artis asserts claims for: (i) negligence; (ii) negligence *per se*; (iii) breach of third-party beneficiary contract; (iv) bailment; (v) breach of confidence; (vi) unjust enrichment; and (vii) declaratory judgment.

- On May 10, 2023, Plaintiff Srikanth Alturi filed a class action lawsuit against NextGen in this Court (Case No. 1:23-cv-02093-TWT). Plaintiff Alturi asserts claims for: (i) negligence; (ii) breach of implied contract; (iii) unjust enrichment; (iv) breach of fiduciary duty; and (v) violation of O.C.G.A. § 13-6-11.

- On May 10, 2023, Plaintiff Noah Breedlove filed a class action lawsuit against NextGen in this Court (Case No. 1:23-cv-02131-TWT). Plaintiff Breedlove asserts claims for: (i) negligence; (ii) negligence *per se*; (iii) invasion of privacy; (iv) breach of contract; and (v) unjust enrichment.

- On May 10, 2023, Plaintiff Michael Brown, on behalf of his minor children A and J, filed a class action lawsuit against NextGen in this Court (Case No. 1:23-cv-02130-TWT). Plaintiff Brown asserts claims for: (i) negligence; (ii)

- breach of implied contract; (iii) unjust enrichment; (iv) bailment; (v) breach of fiduciary duty; and (vi) violation of O.C.G.A. §13-6-11.

- On May 11, 2023, Plaintiff Amy Derouin filed a class action against NextGen in this Court (Case No. 1:23-cv-02139-TWT). Plaintiff Derouin asserts claims for: (i) negligence; (ii) negligence *per se*; (iii) breach of fiduciary duty; (iv) breach of confidence; (v) intrusion upon seclusion/invasion of privacy; (vi) breach of implied contract; (vii) unjust enrichment; and (viii) declaratory judgment.

- On May 11, 2023, Plaintiff Jonethan James filed a class action against NextGen in this Court (Case No. 1:23-cv-02137-TWT). Plaintiff James asserts claims for: (i) negligence; (ii) breach of implied contract; (iii) unjust enrichment; (iv) breach of fiduciary duty; and (v) seeks an award of attorneys' fees and costs pursuant to O.C.G.A §13-6-11.

- On May 11, 2023, Plaintiff Shawna Kerr on behalf of minor child J.K., filed a class action against NextGen in this Court (Case No. 1:23-cv-02148-TWT). Plaintiff Kerr asserts claims for: (i) negligence; (ii) negligence *per se*; (iii)

breach of implied contract; (iv) unjust enrichment; (v) declaratory and injunctive relief; and (vi) violation of O.C.G.A. §13-6-11.

- On May 12, 2023, Plaintiff Alune Badu filed a class action against NextGen in this Court (Case No. 1:23-cv-02160-TWT). Plaintiff Badu asserts claims for: (i) negligence; (ii) negligence *per se*; (iii) breach of implied contract; (iv) breach of the implied covenant of good faith and fair dealing; (v) violation of the Kentucky Computer Security Breach Notification Act; and (vii) violation of the Kentucky Consumer Protection Act.

### C. Consolidation

The Related Actions before this Court are nearly identical. Each lawsuit arises from the same common set of alleged operative facts: the Data Breach. Due to each plaintiff's reliance on the same set of alleged operative facts, all plaintiffs assert overlapping claims, on behalf of similarly defined classes, seeking similar relief. The Related Actions, the parties thereto, and the Court will be best served in a consolidated proceeding under the first filed action, *Miller v. NextGen Healthcare, Inc.*, Case No. 1:23-cv-02043-TWT, and that all subsequently filed cases be consolidated with Case No. 1:23-cv-02043-TWT and shall proceed under Case No. 1:23-cv-02043-TWT.

## III. THE ACTIONS SHOULD BE CONSOLIDATED BEFORE THIS COURT

### A. Legal Authority

Federal Rule of Civil Procedure 42 provides that if actions before the Court "involve a common question of law *or* fact" the Court may "consolidate the actions." Fed. R. Civ. P. 42 (a)(2) (emphasis added); *Kavra v. Health Ins. Innovations, Inc.*, No. 8:17-CV-2186-T-17MAP, 2017 WL 10295953, at *1 (M.D. Fla. Dec. 28, 2017). A "district court's decision of whether to consolidate actions is purely discretionary." *Bedont v. Horizon Actuarial Services, LLC*, No. 1:22-CV-01566-ELR, 2022 WL 3702117, at *1 (N.D. Ga. May 12, 2022) (cleaned up) (quoting *Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017)). While the decision is purely discretionary, the district court still must consider: "[1] whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, [2] the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, [3] the length of time required to conclude multiple suits as against a single one, and [4] the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Baker v. City of Atlanta*, No. 1:21-cv-4186-MLB, 2022 WL 18777369, at *1 (N.D. Ga. Mar. 8, 2022) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).

### B.     Argument and Authorities

#### 1.     The Related Actions Allege Common Factual and Legal Questions

Each Related Action alleges virtually identical facts and legal questions, all arising from one factual event—the Data Breach—which plaintiffs in each action allege was a result of Defendant's failure to protect Plaintiffs' and Class Members' PII. Each action alleges the same factual contentions, *i.e.*, (i) Defendant breached its duties and obligations to abide by best practices and industry standards in protecting Plaintiffs' and Class Members' PII; (ii) these failures enabled an unauthorized third party to intercept, access, and acquire the PII Defendant collected and maintained, putting Class Members' PII at a serious and ongoing risk; and (iii) Defendant failed to disclose the full extent of the Data Breach and notify the affected persons in a timely manner. These factual allegations are the gravamen of each of the filed actions, thus the Related Actions allege numerous common questions of fact. Additionally, the legal claims asserted by each plaintiff are substantially similar. These claims are asserted on a class-wide basis, on behalf of similarly defined classes, against the same Defendant. As such, common questions of law pervade these cases.

Accordingly, because the Related Actions arise from the same set of facts, are pled as putative class actions under Federal Rule of Civil Procedure 23, are against

the same defendant, and assert at least one similar legal claim, consolidation is appropriate under Federal Rule of Civil Procedure 42(a). *See Bedont*, 2022 WL 3702117, at *2 (court consolidated data breach cases where: (i) "[a]ll of the cases stem from the same breach"; and (ii) the cases involve common questions of law because the cases all "generally allege the same causes of action"); *see also McDonald v. PaperlessPay Corp.*, No. 3:20-CV-1005-MMH-MCR, 2021 WL 931599, at *3 (M.D. Fla. Mar. 11, 2021) (court ordered consolidation of data breach cases because even though there were "slight distinctions in proposed class definitions and specific causes of action" the cases concerned the same data breach, which resulted in generally the same type of harm, to the same broad category of putative class members).

      **2.**    **The *Hendrix* Factors Support Consolidation**

Applying the relevant factors from the Eleventh Circuit opinion in *Hendrix* further supports the consolidation of the Related Actions.

      ***a.***    ***Factor 1: The Cases Face the Risk of Inconsistent Adjudications***

"[T]here is a substantial threat of inconsistent adjudications of common factual and legal issues if the cases are allowed to proceed separately." *Kaplan v. 21st Century Oncology Holdings, Inc.*, No. 2:16-cv-210-FtM-99MRM, 2016 WL 9383330, at *2 (M.D. Fl. Jul. 21, 2016). Each of the Related Actions are pled as

putative class actions and allege negligence claims, and some of the cases share other substantive claims such as unjust enrichment, breach of implied contract, and declaratory relief. *Id.* Additionally, each lawsuit seeks certification of similar classes. Absent consolidation, it is possible multiple overlapping classes could be certified. The potential risk of prejudice to the Parties and possible confusion is far outweighed by the risk of inconsistent adjudications. *Id.*

Moreover, all of the cases before this Court have the same procedural posture and are on similar courses of development. "Thus, this is not a case where consolidation will result in the delay of an otherwise trial-ready action." *McDonald*, 2021 WL 931599, at *4. Plaintiffs and Defendant will experience very little prejudice, if any, by consolidating these cases.

Therefore, this factor favors consolidation. *See id.* at *3 (consolidation appropriate where the plaintiff sought to represent an overlapping class consisting of persons impacted by the data breach; thus, if not consolidated, each of the cases would likely present largely duplicative requests for class certification raising common legal issues on whether certification is appropriate and the proper definition of any such class).

### b.  Factor 2: The Burden Posed by Multiple Lawsuits is Substantial

Next, the burden on the Parties, the witnesses, and judicial resources will be substantially reduced by consolidation. Here, no plaintiff opposes consolidation, which weighs in favor of consolidation. *See Kavra*, 2017 WL 10295953, at *1 ("Here the absence of any objection to motion to consolidate augurs in favor of consolidation."); *Bedont*, 2022 WL 3702117, at *2. Consolidation will allow Plaintiffs to jointly prosecute the case, share discovery documents, and avoid the possibility of the Court certifying overlapping classes. The burden of maintaining numerous separate lawsuits will be lessened by consolidation.

NextGen also does not oppose consolidation,[2] is represented by the same counsel in each case, and will likely be subject to duplicative discovery requests, depositions, motions, trial preparation, and hearings if the cases are not consolidated. By consolidating the cases, NextGen will be able to conserve time and resources in presenting its defense in this litigation.

---

[2] All plaintiffs agree that NextGen's deadlines for filing responsive pleadings in the Related Actions are stayed/suspended pending the Court's decision on this Motion. All plaintiffs further agree that, by not opposing this Motion and otherwise engaging in this procedural process, NextGen is not waiving any rights, including any defense to class certification.

Lastly, judicial resources will be conserved by presiding over one consolidated case rather than multiple cases because this will reduce the number of motions, briefings, hearings, and trials before the Court.

Accordingly, the second *Hendrix* factor also weighs in favor of consolidation. *See Bedont*, 2022 WL 3702117, at *2; *see also Baker*, 2022 WL 18777369, at *2; *Gabbard v. Elec. Ins. Co.*, No. 8:22-CV-384-TPB-AAS, 2022 WL 2111503, at *1 (M.D. Fla. May 4, 2022) ("It would appear to be an exceedingly inefficient use of judicial and party resources to allow essentially the same dispute to be litigated concurrently in three separate lawsuits in the same Court before the same judge.").

    c. *Factor 3: Litigating Separate Actions Would Require More Time than Litigating a Consolidated Action*

Litigating multiple separate actions versus one consolidated action would take substantially more time for the Court and the Parties. Thus, "the length of time required to conclude a consolidated lawsuit instead of multiple suits is likely to be significantly lessened and, therefore, weighs in favor of consolidation." *Kaplan*, 2016 WL 9383330, at *3.

    d. *Factor 4: The Expense of Multiple Trials Supports Consolidation*

"Finally, the relative expense to all parties concerned—particularly with regard to discovery—is highly likely to be lessened by litigating in one consolidated

case rather than litigating in [multiple] separate cases." *Id.*; *see also Baker*, 2022 WL 18777369, at *2. Thus, this factor also supports consolidation.

## IV. THE COURT SHOULD ENTER A PRELIMINARY SCHEDULE

To provide for the efficient prosecution of the consolidated litigation, Plaintiffs respectfully request that the Court enter an order providing for consideration of applications for interim class counsel to lead the litigation pursuant to Fed. R. Civ. P. 23(g). *See* Manual of Complex Litigation, Fourth, § 21.27. Plaintiffs propose filing applications for interim class counsel within 10 days of an order consolidating the Related Actions.[3] Following appointment of interim class counsel, Plaintiffs request entry of the following schedule:

- Plaintiffs, through interim class counsel, to file a Consolidated Amended Complaint ("CAC") 45 days after an order appointing interim class counsel;

- NextGen to answer or otherwise respond to the CAC 45 days after the filing of the CAC;

---

[3] Plaintiffs' counsel will engage in good faith efforts at private ordering. *See* Manual of Complex Litigation, Fourth, § 21.272. However, the Manual provides that "[t]he judge must choose the class counsel when more than one class action has been filed and consolidated or centralized, or more than one lawyer seeks the appointment. . . . If there are multiple applicants, the court's task is to select the applicant best able to represent the interests of the class." *Id*. at § 21.27.

- Plaintiffs to file any response to any motion practice related to the CAC within 45 days; and

- NextGen to file any reply within 28 days of Plaintiffs' response.

## V.  CONCLUSION

For the reasons set forth above, consolidation is appropriate. *Accordingly*, Plaintiffs respectfully request that this Court consolidate the Related Actions for all purposes, pursuant to Federal Rule of Civil Procedure 42(a). Plaintiffs also request that this Court enter an order directing: (1) any applications for appointment as interim class counsel pursuant to Rule 23(g)(3) shall be filed within 10 days of an order consolidating the Related Actions; (2) a Consolidated Amended Complaint shall be filed within 45 days after an order appointing interim class counsel; (3) Defendant shall have 45 days to answer or otherwise respond to the Consolidated Amended Complaint; (4) Plaintiffs will have 45 days to respond to any motion practice related to the Consolidated Amended Complaint; and (5) Defendant will have 28 days to submit any reply.

[Signature to follow on next page.]

Dated: May 15, 2023.                                Respectfully Submitted,

/s/ *MaryBeth V. Gibson*                            /s/ *J. Cameron Tribble*
MaryBeth V. Gibson                                  Roy E. Barnes
Georgia Bar No. 725843                              Georgia Bar No. 03900
**THE FINLEY FIRM, P.C.**                           J. Cameron Tribble
3535 Piedmont Rd.                                   Georgia Bar No. 754759
Building 14, Suite 230                              **BARNES LAW GROUP, LLC**
Atlanta, GA 30305                                   31 Atlanta Street
Tel.: 404-320-9979                                  Marietta, GA  30060
Fax: 404-320-9978                                   Telephone: 770-227-6375
mgibson@thefinleyfirm.com                           roy@barneslawgroup.com
                                                    ctribble@barneslawgroup.com

Counsel for *Miller* Plaintiffs
 Joseph M. Lyon*                                    Norman E. Siegel,* Missouri Bar No. 44378
**THE LYON FIRM**                                   Barrett J. Vahle,* Missouri Bar No. 56674
2754 Erie Ave.                                      J. Austin Moore,* Missouri Bar No. 64040
Cincinnati, OH 45208                                Tanner J. Edwards,* Missouri Bar No 68039
Phone: (513) 381-2333                               Brandi S. Spates,* Missouri Bar No 72144
Fax: (513) 766-9011                                 **STUEVE SIEGEL HANSON LLP**
*jlyon@thelyonfirm.com*                             460 Nichols Road, Suite 200
                                                    Kansas City, Missouri 64112
Counsel for *Miller* Plaintiffs                     Telephone: (816) 714-7100
*Pro Hac Vice*                                      siegel@stuevesiegel.com
                                                    vahle@stuevesiegel.com
                                                    moore@stuevesiegel.com
                                                    tanner@stuevesiegel.com
                                                    spates@stuevesiegel.com

                                                    *Counsel for Phillips Plaintiffs*
                                                    *Pro Hac Vice*

## CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE

Pursuant to Local Rule 5.1C, ND Ga. I hereby certify that on this date I electronically filed the foregoing **PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE CASES AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT** with the Clerk of Court using the CM/ECF system which will automatically send email notification to all counsel of record.

Dated: May 15, 2023.                    */s/ J. Cameron Tribble*
                                        Roy E. Barnes, Georgia Bar No. 03900
                                        J. Cameron Tribble, Georgia Bar No. 754759
                                        **BARNES LAW GROUP, LLC**
                                        31 Atlanta Street
                                        Marietta, GA 30060
                                        Telephone: 770-227-6375
                                        Fax: 770-227-6373
                                        E-Mail: roy@barneslawgroup.com
                                        E-Mail: ctribble@barneslawgroup.com

                                        *Counsel for Phillips Plaintiffs*